UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

NORMAN WATERS,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          No. 2:05 CV 0039 DDN
                                  )
TRANSPLACE TEXAS, LP,             )
D/B/A TRANSPLACE,                 )
                                  )
          Defendant.              )

**MEMORANDUM**

This matter is before the court on the motions of defendant
Transplace Texas, LP, to dismiss for lack of personal jurisdiction
pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss for
lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or,
alternatively, to transfer venue pursuant to 28 U.S.C. §§ 1404(a) or
1406(a). The parties have consented to the exercise of plenary authority
by the undersigned United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(c).  A hearing was held October 4, 2005.

**I.  Background**

Plaintiff filed his complaint in the Northern Division of this
court on June 27, 2005.  In the complaint plaintiff alleges personal
jurisdiction and venue are proper because defendant "can be found in
this district transacting business as it has a trucking run that
originates in Moberly, Missouri." (Doc. 1 at ¶ 4.)  Plaintiff alleges
claims for unlawful discrimination and retaliation under the Americans
with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, disparate treatment
and retaliation in violation of the Age Discrimination in Employment
Act, 29 U.S.C. §§ 621 *et seq.*, and unlawful retaliation in violation of
the Family Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.* (Doc. 1.)

In its motion to dismiss (Doc. 5), defendant argues that this court
lacks personal jurisdiction over it, and that venue is improper.  In the
alternative, defendant argues that this action should be transferred to
a venue more convenient to the parties pursuant to 28 U.S.C. § 1404(a).

Plaintiff alleges that this court had personal jurisdiction over defendant because defendant transacted business in Missouri. Further, plaintiff alleges venue is proper under 28 U.S.C. § 1391(b) because defendant may be found in this district. (Doc. 14 at 2).

## II. Discussion

### A. Personal Jurisdiction

Defendant argues that plaintiff's claim should be dismissed because this court lacks personal jurisdiction over it. Plaintiff commenced the action in this court based on federal question jurisdiction, under 28 U.S.C. § 1331, with causes of action arising out of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family Medical Leave Act. (Doc. 1 at ¶ 3.)

"Where a federal court's subject matter jurisdiction over a case arises from the existence of a federal question, the court may exercise personal jurisdiction over a defendant if the plaintiff has properly served the defendant with process under the forum state's long-arm statute and if the defendant has sufficient contacts with the forum state to satisfy procedural due process." Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004); Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104-05 (1987). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction, but jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 642 (8th Cir. 2003). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988); Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). The district court must consider the facts contained in the pleadings and affidavits in the light most favorable to the nonmoving party, Watlow Elec. Mfg., 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. Lakin v. Prudential Secs., Inc., 348 F.3d 704, 706 (8th Cir. 2003); Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004).

## 1.Missouri Long-Arm Statute

The Missouri long-arm statute provides, in relevant part:

1.   Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1)  The transaction of any business within this state;

\*   \*   \*

3.   Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500.  The Missouri Supreme Court has declared that, when the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc).  Therefore, the long-arm statute is broadly construed to reach as far as due process will allow.  Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Fairbanks Morse Pump Corp. v. Abba Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988).

Plaintiff's complaint alleges that personal jurisdiction is proper because defendant conducted business within Missouri, specifically, that defendant has a trucking run in Moberly, Missouri, and that it arranges for loads of freight to move through Missouri.  Defendant argues that it has no place of business in Missouri, and that it conducts all of its business from its offices in four other states.  Plaintiff argues that

on defendant's website under the heading "lane opportunities" defendant lists two available lanes in Missouri.[1] (Doc. 14 at 2).

"Transaction of business" under the Missouri long arm statute is broadly construed, "so that even a single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit." Products Plus, Inc. v. Clean Green, Inc., 112 S.W.3d 120, 124 (Mo. Ct. App. 2003). To conduct business in Missouri for purposes of the long arm statute, the party must "manage[] and direct[] its economic activities to earn a livelihood by handling and maneuvering those affairs toward a desired result, and that their economic activity occurs in Missouri." Shouse v. RFB Construction Co., 10 S.W.3d 189, 193-94 (Mo. Ct. App. 1999).

Here, plaintiff alleges that defendant "has a trucking run" that originates in Moberly, Missouri. (Doc. 1 at ¶ 4.) Defendant has no facilities in Missouri, although it does employ Missouri residents who live near its Arkansas location. (Doc. 6 at 1-2.) In fact, plaintiff is a Missouri resident who was employed in Arkansas. (Doc. 1 at ¶ 1.) Defendant's line of work, as a middleman between shippers and haulers of freight, might occasionally include booking a shipment from a shipper to be hauled by an independent trucking company that would travel through Missouri. (Doc. 6 at 2.) Work facilities are located in Arkansas, Texas, Arizona, and Tennessee. (Id.)

Viewing these facts in the light most favorable to the plaintiff, there are no facts that show defendant was conducting business in Missouri. There are no physical facilities located in Missouri. Defendant conducts all of its business transactions from its four places of business, mostly by phone and computer. The "available lanes" are routes traveled by clients of defendant, and there is no indication defendant has managerial control over the independent truckers.

Further, even if defendant's meager contacts rose to the level of "transacting business," there is no indication plaintiff's claim arises

---

[1]The "available lanes" described on defendant's website are a web tool used to advertise routes trucks travel that utilize defendant's services. The available lanes are located in several states. www.transplace.com (last visited September 27, 2005).

out of defendant's purported business conduct in Missouri. "[A] prima facie case of specific personal jurisdiction can only be established if [defendant] 'has purposefully directed [its] activities at [Missouri] residents,' and the claim of this suit either "arises out of" or "relates to" these activities." <u>Lakin</u>, 348 F.3d at 707 (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 472 (1985)).

Plaintiff's claims are for age discrimination and disability discrimination, which took place at his place of employment in Arkansas. Not one allegation is in any way linked to the "available lanes" in Moberly, Missouri. All of plaintiff's claims arise out of defendant's conduct in Arkansas.

Further, defendant's alleged contacts with Missouri are not so great as to subject it to general jurisdiction in this court. A non-resident which conducts substantial business in Missouri is subject to general jurisdiction under Missouri law, regardless of whether these contacts arise out of or relate to the cause of action. <u>Lakin</u>, 348 F.3d at 707. General jurisdiction can be obtained "if a non-resident corporation has 'substantial' and 'continuous' contacts with the State of Missouri." <u>Id.</u> at 708 (quoting <u>Sloan-Roberts v. Morse Chevrolet, Inc.</u>, 44 S.W.3d 402, 409 (Mo. Ct. App. 2001).

Defendant has no place of business in Missouri and has no employees here. Defendant is a "middleman" in the trucking industry, taking orders for shipments and pairing them with truck haulers. There is no substantial contact with Missouri, no more so than any other state where trucks can haul freight over highways. These contacts, the "available lanes" and employing residents of Missouri at its facility in Arkansas, are not substantial and continuous enough to rise to the level of general jurisdiction.

## 2. Minimum Contacts

Even assuming, *arguendo*, that defendant's conduct did satisfy Missouri's long arm statute, defendant's contacts with Missouri do not satisfy the Due Process requirements of the Constitution. "Jurisdiction is appropriate only where a defendant has sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or

attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003) (quoting Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d 519, 522 (8th Cir. 1996)). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." Id. at 562.

Defendant's contacts with Missouri, if any, are so few and random that it could not anticipate being haled into court in this jurisdiction. Whether trucks it has booked travel in Missouri is not within its managerial control and is therefore attenuated and random. Further, the "available lanes" in Missouri do not rise to the level of minimum contacts under the Constitution, and are only an advertising tool to alert potential clients of routes trucking clients will be traveling.

Accordingly, this court is without personal jurisdiction over defendant Transplace. The court will not, however, for the reasons set forth below, dismiss the action but will transfer it to the United States District Court for the Western District of Arkansas.

## B. Venue

Venue is also improper in this district. 28 U.S.C. § 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff argues that venue is proper under 28 U.S.C. § 1391(b)(3) since the defendant can be found in the Eastern District of Missouri, Northern Division. (Doc. 14 at 1, 2.)

Venue may be proper in more than one district if a substantial part of the events giving rise to the action occurred there. Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). The main purpose of the statute is to prevent the defendant from being haled into court in a location that has no relationship to the dispute. Id.

The judicial district where a substantial part of the claim occurred is Benton County, Arkansas, where defendant's place of business is located and plaintiff was employed. (Doc. 5 at 1.) Benton County, Arkansas, is located in the Western District of Arkansas, and, therefore, venue would be proper there. No events giving rise to this claim occurred in the Eastern District of Missouri. Further, there is only one defendant, Transplace, and the parties do not dispute that it does not reside in the Eastern District of Missouri. Therefore, the Eastern District of Missouri is not a proper venue for this action.

The court disagrees with plaintiff's argument that venue is proper because the defendant can be found in Missouri. 28 U.S.C. § 1391(b)(3) only applies if "there is no district in which the action may otherwise be brought." As stated above, this action could have been brought in the Western District of Arkansas, so this section is inapplicable. See Woodke v. Dahm, 873 F. Supp. 179, 196, n10 (S.D. Iowa 1995).

When a court determines that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may transfer the case even if it does not have personal jurisdiction over the defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962); Enterprise Rent-A-Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1159 (E.D. Mo. 2001). "This section should be construed wherever possible to remove procedural obstacles which would prevent the expeditious and orderly adjudication of a case on its merits." Enterprise, 137 F. Supp. 2d at 1159. The suit may be transferred to the district where it could have been brought originally. Naegler v. Nissan Motor Co, 835 F. Supp. 1152, 1157 (W.D. Mo. 1993).

This court finds that this case should be transferred to the Western District of Arkansas. The case could have been brought there originally, as venue is proper there. Further, this court finds it is

in the interest of justice to do so, since most of the witnesses can be found there, the conduct giving rise to the suit occurred there, and defendant is located there.  See Naegler, 835 F. Supp. at 1158-59.

For the above reasons, this court will transfer this case to the Western District of Arkansas.  An appropriate order is issued herewith.


_____
DAVID D. NOCE
**UNITED STATES MAGISTRATE JUDGE**


Signed on November 4, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

NORMAN WATERS,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          No. 2:05 CV 0039 DDN
                                  )
TRANSPLACE TEXAS, LP,             )
D/B/A TRANSPLACE,                 )
                                  )
          Defendant.              )

**MEMORANDUM**

This matter is before the court on the motions of defendant
Transplace Texas, LP, to dismiss for lack of personal jurisdiction
pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss for
lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or,
alternatively, to transfer venue pursuant to 28 U.S.C. §§ 1404(a) or
1406(a). The parties have consented to the exercise of plenary authority
by the undersigned United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(c).  A hearing was held October 4, 2005.


**I.  Background**

Plaintiff filed his complaint in the Northern Division of this
court on June 27, 2005.  In the complaint plaintiff alleges personal
jurisdiction and venue are proper because defendant "can be found in
this district transacting business as it has a trucking run that
originates in Moberly, Missouri." (Doc. 1 at ¶ 4.) Plaintiff alleges
claims for unlawful discrimination and retaliation under the Americans
with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, disparate treatment
and retaliation in violation of the Age Discrimination in Employment
Act, 29 U.S.C. §§ 621 *et seq.*, and unlawful retaliation in violation of
the Family Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.* (Doc. 1.)

In its motion to dismiss (Doc. 5), defendant argues that this court
lacks personal jurisdiction over it, and that venue is improper.  In the
alternative, defendant argues that this action should be transferred to
a venue more convenient to the parties pursuant to 28 U.S.C. § 1404(a).

Plaintiff alleges that this court had personal jurisdiction over defendant because defendant transacted business in Missouri. Further, plaintiff alleges venue is proper under 28 U.S.C. § 1391(b) because defendant may be found in this district. (Doc. 14 at 2).

## II. Discussion

### A. Personal Jurisdiction

Defendant argues that plaintiff's claim should be dismissed because this court lacks personal jurisdiction over it. Plaintiff commenced the action in this court based on federal question jurisdiction, under 28 U.S.C. § 1331, with causes of action arising out of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family Medical Leave Act. (Doc. 1 at ¶ 3.)

"Where a federal court's subject matter jurisdiction over a case arises from the existence of a federal question, the court may exercise personal jurisdiction over a defendant if the plaintiff has properly served the defendant with process under the forum state's long-arm statute and if the defendant has sufficient contacts with the forum state to satisfy procedural due process." Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004); Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104-05 (1987). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction, but jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 642 (8th Cir. 2003). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988); Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). The district court must consider the facts contained in the pleadings and affidavits in the light most favorable to the nonmoving party, Watlow Elec. Mfg., 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. Lakin v. Prudential Secs., Inc., 348 F.3d 704, 706 (8th Cir. 2003); Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004).

## 1.Missouri Long-Arm Statute

The Missouri long-arm statute provides, in relevant part:

1.   Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1)  The transaction of any business within this state;

*   *   *

3.   Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500.  The Missouri Supreme Court has declared that, when the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc).  Therefore, the long-arm statute is broadly construed to reach as far as due process will allow.  Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Fairbanks Morse Pump Corp. v. Abba Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988).

Plaintiff's complaint alleges that personal jurisdiction is proper because defendant conducted business within Missouri, specifically, that defendant has a trucking run in Moberly, Missouri, and that it arranges for loads of freight to move through Missouri.  Defendant argues that it has no place of business in Missouri, and that it conducts all of its business from its offices in four other states.  Plaintiff argues that

on defendant's website under the heading "lane opportunities" defendant lists two available lanes in Missouri.[1] (Doc. 14 at 2).

"Transaction of business" under the Missouri long arm statute is broadly construed, "so that even a single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit." Products Plus, Inc. v. Clean Green, Inc., 112 S.W.3d 120, 124 (Mo. Ct. App. 2003). To conduct business in Missouri for purposes of the long arm statute, the party must "manage[] and direct[] its economic activities to earn a livelihood by handling and maneuvering those affairs toward a desired result, and that their economic activity occurs in Missouri." Shouse v. RFB Construction Co., 10 S.W.3d 189, 193-94 (Mo. Ct. App. 1999).

Here, plaintiff alleges that defendant "has a trucking run" that originates in Moberly, Missouri. (Doc. 1 at ¶ 4.) Defendant has no facilities in Missouri, although it does employ Missouri residents who live near its Arkansas location. (Doc. 6 at 1-2.) In fact, plaintiff is a Missouri resident who was employed in Arkansas. (Doc. 1 at ¶ 1.) Defendant's line of work, as a middleman between shippers and haulers of freight, might occasionally include booking a shipment from a shipper to be hauled by an independent trucking company that would travel through Missouri. (Doc. 6 at 2.) Work facilities are located in Arkansas, Texas, Arizona, and Tennessee. ( Id.)

Viewing these facts in the light most favorable to the plaintiff, there are no facts that show defendant was conducting business in Missouri. There are no physical facilities located in Missouri. Defendant conducts all of its business transactions from its four places of business, mostly by phone and computer. The "available lanes" are routes traveled by clients of defendant, and there is no indication defendant has managerial control over the independent truckers.

Further, even if defendant's meager contacts rose to the level of "transacting business," there is no indication plaintiff's claim arises

---

[1]The "available lanes" described on defendant's website are a web tool used to advertise routes trucks travel that utilize defendant's services. The available lanes are located in several states. www.transplace.com (last visited September 27, 2005).

out of defendant's purported business conduct in Missouri. "[A] prima facie case of specific personal jurisdiction can only be established if [defendant] 'has purposefully directed [its] activities at [Missouri] residents,' and the claim of this suit either "arises out of" or "relates to" these activities." Lakin, 348 F.3d at 707 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

Plaintiff's claims are for age discrimination and disability discrimination, which took place at his place of employment in Arkansas. Not one allegation is in any way linked to the "available lanes" in Moberly, Missouri. All of plaintiff's claims arise out of defendant's conduct in Arkansas.

Further, defendant's alleged contacts with Missouri are not so great as to subject it to general jurisdiction in this court. A non-resident which conducts substantial business in Missouri is subject to general jurisdiction under Missouri law, regardless of whether these contacts arise out of or relate to the cause of action. Lakin, 348 F.3d at 707. General jurisdiction can be obtained "if a non-resident corporation has 'substantial' and 'continuous' contacts with the State of Missouri." Id. at 708 (quoting Sloan-Roberts v. Morse Chevrolet, Inc., 44 S.W.3d 402, 409 (Mo. Ct. App. 2001).

Defendant has no place of business in Missouri and has no employees here. Defendant is a "middleman" in the trucking industry, taking orders for shipments and pairing them with truck haulers. There is no substantial contact with Missouri, no more so than any other state where trucks can haul freight over highways. These contacts, the "available lanes" and employing residents of Missouri at its facility in Arkansas, are not substantial and continuous enough to rise to the level of general jurisdiction.

## 2. Minimum Contacts

Even assuming, *arguendo*, that defendant's conduct did satisfy Missouri's long arm statute, defendant's contacts with Missouri do not satisfy the Due Process requirements of the Constitution. "Jurisdiction is appropriate only where a defendant has sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or

attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice." <u>Pecoraro v. Sky Ranch for Boys, Inc.</u>, 340 F.3d 558, 561 (8th Cir. 2003) (quoting <u>Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.</u>, 89 F.3d 519, 522 (8th Cir. 1996)). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." <u>Id.</u> at 562.

Defendant's contacts with Missouri, if any, are so few and random that it could not anticipate being haled into court in this jurisdiction. Whether trucks it has booked travel in Missouri is not within its managerial control and is therefore attenuated and random. Further, the "available lanes" in Missouri do not rise to the level of minimum contacts under the Constitution, and are only an advertising tool to alert potential clients of routes trucking clients will be traveling.

Accordingly, this court is without personal jurisdiction over defendant Transplace. The court will not, however, for the reasons set forth below, dismiss the action but will transfer it to the United States District Court for the Western District of Arkansas.

## B. Venue

Venue is also improper in this district. 28 U.S.C. § 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff argues that venue is proper under 28 U.S.C. § 1391(b)(3) since the defendant can be found in the Eastern District of Missouri, Northern Division. (Doc. 14 at 1, 2.)

Venue may be proper in more than one district if a substantial part of the events giving rise to the action occurred there. Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). The main purpose of the statute is to prevent the defendant from being haled into court in a location that has no relationship to the dispute. Id.

The judicial district where a substantial part of the claim occurred is Benton County, Arkansas, where defendant's place of business is located and plaintiff was employed. (Doc. 5 at 1.) Benton County, Arkansas, is located in the Western District of Arkansas, and, therefore, venue would be proper there. No events giving rise to this claim occurred in the Eastern District of Missouri. Further, there is only one defendant, Transplace, and the parties do not dispute that it does not reside in the Eastern District of Missouri. Therefore, the Eastern District of Missouri is not a proper venue for this action.

The court disagrees with plaintiff's argument that venue is proper because the defendant can be found in Missouri. 28 U.S.C. § 1391(b)(3) only applies if "there is no district in which the action may otherwise be brought." As stated above, this action could have been brought in the Western District of Arkansas, so this section is inapplicable. See Woodke v. Dahm, 873 F. Supp. 179, 196, n10 (S.D. Iowa 1995).

When a court determines that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may transfer the case even if it does not have personal jurisdiction over the defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962); Enterprise Rent-A-Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1159 (E.D. Mo. 2001). "This section should be construed wherever possible to remove procedural obstacles which would prevent the expeditious and orderly adjudication of a case on its merits." Enterprise, 137 F. Supp. 2d at 1159. The suit may be transferred to the district where it could have been brought originally. Naegler v. Nissan Motor Co, 835 F. Supp. 1152, 1157 (W.D. Mo. 1993).

This court finds that this case should be transferred to the Western District of Arkansas. The case could have been brought there originally, as venue is proper there. Further, this court finds it is

in the interest of justice to do so, since most of the witnesses can be found there, the conduct giving rise to the suit occurred there, and defendant is located there. See Naegler, 835 F. Supp. at 1158-59.

For the above reasons, this court will transfer this case to the Western District of Arkansas. An appropriate order is issued herewith.


_____
DAVID D. NOCE
**UNITED STATES MAGISTRATE JUDGE**


Signed on November 4, 2005.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

NORMAN WATERS,                    )
                                  )
          Plaintiff,              )
                                  )
     v.                           )          No. 2:05 CV 0039 DDN
                                  )
TRANSPLACE TEXAS, LP,             )
D/B/A TRANSPLACE,                 )
                                  )
          Defendant.              )

## MEMORANDUM

This matter is before the court on the motions of defendant
Transplace Texas, LP, to dismiss for lack of personal jurisdiction
pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss for
lack of venue pursuant to Federal Rule of Civil Procedure 12(b)(3), or,
alternatively, to transfer venue pursuant to 28 U.S.C. §§ 1404(a) or
1406(a). The parties have consented to the exercise of plenary authority
by the undersigned United States Magistrate Judge pursuant to 28 U.S.C.
§ 636(c). A hearing was held October 4, 2005.


## I. Background

Plaintiff filed his complaint in the Northern Division of this
court on June 27, 2005. In the complaint plaintiff alleges personal
jurisdiction and venue are proper because defendant "can be found in
this district transacting business as it has a trucking run that
originates in Moberly, Missouri." (Doc. 1 at ¶ 4.) Plaintiff alleges
claims for unlawful discrimination and retaliation under the Americans
with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, disparate treatment
and retaliation in violation of the Age Discrimination in Employment
Act, 29 U.S.C. §§ 621 *et seq.*, and unlawful retaliation in violation of
the Family Medical Leave Act, 29 U.S.C. §§ 2611 *et seq.* (Doc. 1.)

In its motion to dismiss (Doc. 5), defendant argues that this court
lacks personal jurisdiction over it, and that venue is improper. In the
alternative, defendant argues that this action should be transferred to
a venue more convenient to the parties pursuant to 28 U.S.C. § 1404(a).

Plaintiff alleges that this court had personal jurisdiction over defendant because defendant transacted business in Missouri. Further, plaintiff alleges venue is proper under 28 U.S.C. § 1391(b) because defendant may be found in this district. (Doc. 14 at 2).

## II. Discussion

### A. Personal Jurisdiction

Defendant argues that plaintiff's claim should be dismissed because this court lacks personal jurisdiction over it. Plaintiff commenced the action in this court based on federal question jurisdiction, under 28 U.S.C. § 1331, with causes of action arising out of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Family Medical Leave Act. (Doc. 1 at ¶ 3.)

"Where a federal court's subject matter jurisdiction over a case arises from the existence of a federal question, the court may exercise personal jurisdiction over a defendant if the plaintiff has properly served the defendant with process under the forum state's long-arm statute and if the defendant has sufficient contacts with the forum state to satisfy procedural due process." Enterprise Rent-A-Car Co. v. U-Haul Int'l, Inc., 327 F. Supp. 2d 1032, 1036 (E.D. Mo. 2004); Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104-05 (1987). The plaintiff bears the ultimate burden of proof on the issue of jurisdiction, but jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing. Epps v. Stewart Info. Servs. Corp., 327 F.3d 642, 642 (8th Cir. 2003). To defeat a motion to dismiss for lack of personal jurisdiction, the nonmoving party need only make a prima facie showing of jurisdiction. Watlow Elec. Mfg. Co. v. Patch Rubber Co., 838 F.2d 999, 1000 (8th Cir. 1988); Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 373 (8th Cir. 1990). The district court must consider the facts contained in the pleadings and affidavits in the light most favorable to the nonmoving party, Watlow Elec. Mfg., 838 F.2d at 1000, and resolve all factual conflicts in favor of that party. Lakin v. Prudential Secs., Inc., 348 F.3d 704, 706 (8th Cir. 2003); Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004).

## 1.Missouri Long-Arm Statute

The Missouri long-arm statute provides, in relevant part:

1. Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of such acts:

(1) The transaction of any business within this state;

\*   \*   \*

3. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.

Mo. Rev. Stat. § 506.500. The Missouri Supreme Court has declared that, when the Missouri legislature enacted the long-arm statute, its "ultimate objective was to extend the jurisdiction of the courts of this state over nonresident defendants to that extent permissible under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States." State v. Pinnell, 454 S.W.2d 889, 892 (Mo. 1970) (en banc). Therefore, the long-arm statute is broadly construed to reach as far as due process will allow. Clune v. Alimak AB, 233 F.3d 538, 541 (8th Cir. 2000); Fairbanks Morse Pump Corp. v. Abba Parts, Inc., 862 F.2d 717, 719 (8th Cir. 1988).

Plaintiff's complaint alleges that personal jurisdiction is proper because defendant conducted business within Missouri, specifically, that defendant has a trucking run in Moberly, Missouri, and that it arranges for loads of freight to move through Missouri. Defendant argues that it has no place of business in Missouri, and that it conducts all of its business from its offices in four other states. Plaintiff argues that

on defendant's website under the heading "lane opportunities" defendant lists two available lanes in Missouri.[1] (Doc. 14 at 2).

"Transaction of business" under the Missouri long arm statute is broadly construed, "so that even a single transaction may confer jurisdiction, if that is the transaction that gives rise to the suit." Products Plus, Inc. v. Clean Green, Inc., 112 S.W.3d 120, 124 (Mo. Ct. App. 2003). To conduct business in Missouri for purposes of the long arm statute, the party must "manage[] and direct[] its economic activities to earn a livelihood by handling and maneuvering those affairs toward a desired result, and that their economic activity occurs in Missouri." Shouse v. RFB Construction Co., 10 S.W.3d 189, 193-94 (Mo. Ct. App. 1999).

Here, plaintiff alleges that defendant "has a trucking run" that originates in Moberly, Missouri. (Doc. 1 at ¶ 4.) Defendant has no facilities in Missouri, although it does employ Missouri residents who live near its Arkansas location. (Doc. 6 at 1-2.) In fact, plaintiff is a Missouri resident who was employed in Arkansas. (Doc. 1 at ¶ 1.) Defendant's line of work, as a middleman between shippers and haulers of freight, might occasionally include booking a shipment from a shipper to be hauled by an independent trucking company that would travel through Missouri. (Doc. 6 at 2.) Work facilities are located in Arkansas, Texas, Arizona, and Tennessee. ( Id.)

Viewing these facts in the light most favorable to the plaintiff, there are no facts that show defendant was conducting business in Missouri. There are no physical facilities located in Missouri. Defendant conducts all of its business transactions from its four places of business, mostly by phone and computer. The "available lanes" are routes traveled by clients of defendant, and there is no indication defendant has managerial control over the independent truckers.

Further, even if defendant's meager contacts rose to the level of "transacting business," there is no indication plaintiff's claim arises

---

[1]The "available lanes" described on defendant's website are a web tool used to advertise routes trucks travel that utilize defendant's services. The available lanes are located in several states. www.transplace.com (last visited September 27, 2005).

out of defendant's purported business conduct in Missouri. "[A] prima facie case of specific personal jurisdiction can only be established if [defendant] 'has purposefully directed [its] activities at [Missouri] residents,' and the claim of this suit either "arises out of" or "relates to" these activities." Lakin, 348 F.3d at 707 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)).

Plaintiff's claims are for age discrimination and disability discrimination, which took place at his place of employment in Arkansas. Not one allegation is in any way linked to the "available lanes" in Moberly, Missouri. All of plaintiff's claims arise out of defendant's conduct in Arkansas.

Further, defendant's alleged contacts with Missouri are not so great as to subject it to general jurisdiction in this court. A non-resident which conducts substantial business in Missouri is subject to general jurisdiction under Missouri law, regardless of whether these contacts arise out of or relate to the cause of action. Lakin, 348 F.3d at 707. General jurisdiction can be obtained "if a non-resident corporation has 'substantial' and 'continuous' contacts with the State of Missouri." Id. at 708 (quoting Sloan-Roberts v. Morse Chevrolet, Inc., 44 S.W.3d 402, 409 (Mo. Ct. App. 2001).

Defendant has no place of business in Missouri and has no employees here. Defendant is a "middleman" in the trucking industry, taking orders for shipments and pairing them with truck haulers. There is no substantial contact with Missouri, no more so than any other state where trucks can haul freight over highways. These contacts, the "available lanes" and employing residents of Missouri at its facility in Arkansas, are not substantial and continuous enough to rise to the level of general jurisdiction.

## 2. Minimum Contacts

Even assuming, *arguendo*, that defendant's conduct did satisfy Missouri's long arm statute, defendant's contacts with Missouri do not satisfy the Due Process requirements of the Constitution. "Jurisdiction is appropriate only where a defendant has sufficient "minimum contacts" with the forum state that are more than random, fortuitous, or

attenuated, such that summoning the defendant would not offend traditional notions of fair play and substantial justice." <u>Pecoraro v. Sky Ranch for Boys, Inc.</u>, 340 F.3d 558, 561 (8th Cir. 2003) (quoting <u>Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.</u>, 89 F.3d 519, 522 (8th Cir. 1996)). "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." <u>Id.</u> at 562.

Defendant's contacts with Missouri, if any, are so few and random that it could not anticipate being haled into court in this jurisdiction. Whether trucks it has booked travel in Missouri is not within its managerial control and is therefore attenuated and random. Further, the "available lanes" in Missouri do not rise to the level of minimum contacts under the Constitution, and are only an advertising tool to alert potential clients of routes trucking clients will be traveling.

Accordingly, this court is without personal jurisdiction over defendant Transplace. The court will not, however, for the reasons set forth below, dismiss the action but will transfer it to the United States District Court for the Western District of Arkansas.

### B. Venue

Venue is also improper in this district. 28 U.S.C. § 1391(b) provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Plaintiff argues that venue is proper under 28 U.S.C. § 1391(b)(3) since the defendant can be found in the Eastern District of Missouri, Northern Division. (Doc. 14 at 1, 2.)

Venue may be proper in more than one district if a substantial part of the events giving rise to the action occurred there. Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995). The main purpose of the statute is to prevent the defendant from being haled into court in a location that has no relationship to the dispute. Id.

The judicial district where a substantial part of the claim occurred is Benton County, Arkansas, where defendant's place of business is located and plaintiff was employed. (Doc. 5 at 1.) Benton County, Arkansas, is located in the Western District of Arkansas, and, therefore, venue would be proper there. No events giving rise to this claim occurred in the Eastern District of Missouri. Further, there is only one defendant, Transplace, and the parties do not dispute that it does not reside in the Eastern District of Missouri. Therefore, the Eastern District of Missouri is not a proper venue for this action.

The court disagrees with plaintiff's argument that venue is proper because the defendant can be found in Missouri. 28 U.S.C. § 1391(b)(3) only applies if "there is no district in which the action may otherwise be brought." As stated above, this action could have been brought in the Western District of Arkansas, so this section is inapplicable. See Woodke v. Dahm, 873 F. Supp. 179, 196, n10 (S.D. Iowa 1995).

When a court determines that venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The court may transfer the case even if it does not have personal jurisdiction over the defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465-66 (1962); Enterprise Rent-A-Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1159 (E.D. Mo. 2001). "This section should be construed wherever possible to remove procedural obstacles which would prevent the expeditious and orderly adjudication of a case on its merits." Enterprise, 137 F. Supp. 2d at 1159. The suit may be transferred to the district where it could have been brought originally. Naegler v. Nissan Motor Co, 835 F. Supp. 1152, 1157 (W.D. Mo. 1993).

This court finds that this case should be transferred to the Western District of Arkansas. The case could have been brought there originally, as venue is proper there. Further, this court finds it is

in the interest of justice to do so, since most of the witnesses can be found there, the conduct giving rise to the suit occurred there, and defendant is located there.  See Naegler, 835 F. Supp. at 1158-59.

For the above reasons, this court will transfer this case to the Western District of Arkansas.  An appropriate order is issued herewith.




_____
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE




Signed on November 4, 2005.